IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDOLPH MARSHALL,

    Petitioner,                      No. CIV S-10-0565 JAM EFB P

    vs.

LARRY SMALL,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that two of petitioner's four claims are unexhausted. In response, petitioner requests that this action be stayed while he exhausts his claims in state court. For the reasons explained below, the court finds that both motions must be denied.

        A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state court remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). The court may stay a

1

mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Respondent argues that petitioner has not exhausted claims three and four as alleged in the March 10, 2010 petition, because those claims are currently pending before the California Supreme Court in case number S182861. Dckt. No. 11 at 3. However, a review of the California Supreme Court's docket shows that petitioner's application in case number S182861 was denied on December 21, 2010.[1] In light of this denial, petitioner's claims are no longer pending before the California Supreme Court, and respondent's motion to dismiss on this basis must therefore be denied. Further, petitioner's motion to stay this action pending exhaustion must be denied as moot.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's June 8, 2010 motion to dismiss be denied;

2. Petitioner's June 28, 2010 motion to stay be denied as moot; and

3. Respondent be directed to file and serve an answer or a motion in response to petitioner's March 10, 2010 application within 60 days from the date of any order adopting these findings and recommendations. *See* Rule 4, Fed. R. Governing § 2254 Cases. Respondent be further directed that the response be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner be directed to file his reply, if any, within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3