IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH MARSHALL,<br><br>                    Petitioner,<br><br>            vs.<br><br>ANTHONY HEDGEPETH, Warden,<br>Salinas Valley State Prison,<br><br>                  Respondent. | No. 2:10-cv-00565-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 40] |

       At Docket No. 40, Rudolph Marshall, a state prisoner appearing *pro se*, filed a document titled "Motion for Petition for Rehearing" dated April 25, 2012. Liberally construing Marshall's motion,[1] the Court will treat Marshall's motion as a timely motion under Federal Rule of Civil Procedure 59.

       There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[2] A Rule 59 motion may not be used to relitigate old matters, or to raise arguments that could have

---

[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[2] *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995).

been raised, or present evidence that could have been presented, prior to the entry of judgment.[3] To justify an amendment to a judgment based upon newly discovered evidence, the movant must show that the evidence: was discovered after the judgment, could not be discovered earlier through due diligence, and is of such a magnitude that, had the court known of it earlier, the outcome would likely have been different.[4]

      Marshall's motion is nothing more than a rehash of the arguments already made and rejected by this Court. The Court also notes that the Court of Appeals denied Marshall's request for a certificate of appealability, citing 28 U.S.C. § 2253(c)(2), which permits issuing a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[5]

---

[3] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting Wright et al., *supra*, § 2810.1).

[4] *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

[5] Docket No. 42.

**IT IS THEREFORE ORDERED THAT** the Motion for Rehearing at Docket No. 40 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[6]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[7]

Dated:  August 2, 2013.

          /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[6] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[7] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.